**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**SAVINA R. WHITNEY,**

**Plaintiff,**

**v.**

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

**Defendant.**

**3:10-CV-01403-HU**

**OPINION AND ORDER**

**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
(206) 615-3749

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Savina R. Whitney's Application (#27) for Fees in which she seeks $6,509.88 in attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

For the reasons that follow, the Court **GRANTS** Plaintiff's Application and **AWARDS** fees to Plaintiff in the amount of **$6,509.88**.

## BACKGROUND

Plaintiff filed her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on April 24, 2007. Her applications were denied initially and on reconsideration. On August 19, 2008, an Administrative Law Judge (ALJ) issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. That decision became the final decision of the Commissioner on September 10, 2010, when the Appeals Council denied Plaintiff's

request for review.

On November 15, 2010, Plaintiff sought review of the Commissioner's decision in this Court.

On January 17, 2012, Magistrate Judge Dennis James Hubel issued Findings and Recommendation in which he recommended the Court affirm the Commissioner's decision denying Plaintiff's applications.

On March 1, 2012, this Court issued an Order in which the Court declined to adopt those portions of the Findings and Recommendation in which the Magistrate Judge (1) found the record did not contain substantial evidence to support a finding that Plaintiff's mental limitations were sufficiently severe to prevent her from working for a period of 12 months during the closed period, (2) found the ALJ did not err when he rejected portions of Gail Stadler's lay-witness statement, (3) found the ALJ did not err when he relied on the Vocational Expert (VE) testimony regarding jobs in the national economy that Plaintiff could perform during the period at issue, and (4) recommended the Court affirm the decision of the Commissioner. The Court adopted the remainder of the Findings and Recommendation and remanded the matter for further administrative proceedings consistent with the Court's Order. On March 1, 2012, the Court also entered a Judgment remanding the matter for further proceedings.

On May 30, 2012, Plaintiff filed an Application for Fees

pursuant to EAJA.

**STANDARDS**

Under EAJA the Court may award attorneys' fees to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified

if they are reasonably based on both law and fact. *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate. 28 U.S.C. §§ 2412(b), (c). *See also Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith."). The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)). The bad-faith exception "is punitive, and the penalty can be imposed ‘only in exceptional cases and for dominating reasons of justice.’" *Beaudry Motor Co. v. Abko Prop.*

*Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

## DISCUSSION

Plaintiff seeks $6,509.88 in attorneys' fees for 36.10 hours of work performed by two attorneys: Tim Wilborn and Betsy Stephens. It is undisputed that Plaintiff is a prevailing party under EAJA.

Plaintiff contends in her Application for Fees that she is entitled to attorneys' fees at the rates specified in EAJA because the government's positions were not substantially justified. Defendant contends his positions were substantially justified.

### I. Substantial Justification.

Plaintiff contends Defendant's positions as to Stadler's lay-witness testimony and the VE testimony were not substantially justified.

Defendant points out that the Magistrate Judge concluded the ALJ's conclusion was properly substantiated, and, therefore, Defendant's positions were substantially justified. This Court, however, disagreed with the Magistrate Judge's analysis as to Stadler's lay-witness testimony and the VE testimony and concluded the Magistrate Judge's analysis was based on improper factors such as *post hoc* consideration of the ALJ's findings.

On this record the Court finds Defendant's positions as to Stadler's lay-witness testimony and the VE's testimony lacked substantial justification. *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007)("[T]he government must show that *all* of these positions were substantially justified in order to avoid an award of EAJA fees.")(emphasis added).

**II. Reasonableness of the Attorneys' Fee Request by Plaintiff.**

Plaintiff seeks a total of $6,509.88 in fees at hourly rates of $175.08 for time expended in 2010, $180.59 for time expended in 2011, and $183.41 for time expended in 2012. The rates sought by Plaintiff are within the statutory cap on hourly rates provided for under EAJA, and Defendant does not object to these hourly rates. Accordingly, the Court concludes the hourly rates sought by Plaintiff are reasonable.

Defendant also does not object to the number of hours for which Plaintiff seeks attorneys' fees, and the Court finds the requested hours are not outside the range of the number of hours typically generated in cases such as this one.

The Court concludes on this record that the length of the litigation, the successful efforts by Plaintiff's attorney on behalf of Plaintiff, and Plaintiff's submissions in support of her Application for Fees establish Plaintiff's request for attorneys' fees is reasonable at the EAJA-mandated rates.

Accordingly, the Court awards Plaintiff a total of $6,509.88

in attorneys' fees pursuant to EAJA.

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Application (#27) for Fees pursuant to EAJA and **AWARDS** Plaintiff attorneys' fees in the amount **$6,509.88**.

IT IS SO ORDERED.

DATED this 24th day of July, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District